

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2005

# USA v. Robertson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1126

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Robertson" (2005). *2005 Decisions*. Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1126

———

UNITED STATES OF AMERICA

v.

DON ROBERTSON,

*Appellant*

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 04-cr-00103-7)
District Judge: Honorable Yvette Kane

———

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2005

Before:  SLOVITER, SMITH, and VAN ANTWERPEN, Circuit Judges.

Filed: December 19, 2005

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Appellant Don Robertson challenges the legality of his sentence in the United States

District Court for the Middle District of Pennsylvania, claiming the  District Court abused

its discretion in imposing the statutory mandatory minimum sentences for the two counts to which Robertson pleaded guilty: possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(i), and conspiracy to distribute and possession with intent to distribute 100 grams of heroin, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(i) and will affirm.

I.

Pursuant to a written plea agreement, Robertson appeared before the District Court on October 4, 2004 and pleaded guilty to the two counts set forth above. At his January 3, 2005 sentencing hearing, the District Court heard Robertson's objections to the presentencing report and found in favor of Robertson on all of his objections.[1] By order of the same date, the District Court sentenced him to ten years imprisonment, the lowest sentence possible under the two mandatory minimum sentences required by the applicable statutes. Because there was no § 5K1.1 motion by the government and no substantial assistance from Robertson, the District Court did not sentence him below the required minimum sentences of five years each for the counts to which Robertson pleaded guilty.

Robertson's counsel subsequently appealed, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and sought to withdraw as counsel of record, stating that

---

[1] Robertson did not then, and does not now, raise an objection under *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), presumably because he agreed as part of his negotiated plea agreement that he would accept a minimum ten year sentence and further accept the then-mandatory Sentencing Guidelines as applicable and binding. *See* discussion *infra*.

any potentially appealable issue was frivolous because the District Court had no discretion to lower the sentence below ten years. The Government agreed that any appeal was frivolous. At about the same time, Robertson filed a *pro se* brief arguing he was entitled to a sentence reduction for his acceptance of responsibility.

II.

The standard of review for the District Court's interpretation and application of the relevant sentencing provisions, 21 U.S.C. § 841(b)(1)(B)(i) and 18 U.S.C. § 924(c), is plenary. *See, e.g., United States v. Yeaman*, 194 F.3d 442, 456 (3d Cir. 1999). Whether or not any potential issues on appeal are frivolous or not is a legal question to be considered by this Court in the first instance. *See Anders*, 386 U.S. at 741-45. When analyzing an *Anders* brief, we ask two questions: "(1) whether counsel adequately fulfilled [*Anders*'] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Upon submitting such a brief, an attorney's duties are to demonstrate to the court that the attorney has thoroughly examined the record for appealable issues and determined that any potentially appealable issues are frivolous. In so doing, attorneys must satisfy the "conscientious examination" standard set forth in *Anders*. *See id; see also Anders*, 386 U.S. at 744.

Here, Robertson's counsel correctly determined that Robertson: (1) faced a five year mandatory sentence for possession of a firearm in furtherance of drug trafficking; (2) faced a five year mandatory sentence for conspiracy to distribute and possession with intent to

distribute 100 grams of heroin; (3) did not provide substantial assistance; (4) was without the benefit of a § 5K1.1 motion by the government; and (5) did not object to the imposition of the two mandatory minimum sentences, the minimum sentence to which he agreed in his negotiated plea agreement. Under these circumstances, Robertson's counsel correctly determined that the District Court could not sentence Robertson below the required mandatory minimum sentences, and properly discharged his duties pursuant to *Anders*. As we have stated, the government agrees.

Upon our own review of the record and the potentially appealable issues therein, we agree with the conclusions of Robertson's counsel and the government, but we also conclude that we must additionally conduct an independent review of the one issue raised by Robertson in his *pro se* brief.[2] There, Robertson argued that the District Court erred in not giving him a reduction in sentence for his alleged acceptance of responsibility.

Our review of the record on this point confirms that Robertson's acceptance of responsibility argument is also frivolous. Robertson's plea came the day of trial, after the Government had fully prepared for trial; an acceptance of responsibility reduction should normally be awarded only where a defendant's guilty plea permits the government to avoid lengthy and unnecessary trial preparation. *See* U.S.S.G. § 3E1.1, commentary n.6 (2003); *see also United States v. Hernandez*, 218 F.3d 272, 280 (3d Cir. 2000) (affirming District

---

[2] It appears neither the government nor Robertson's counsel had opportunity to address Robertson's *pro se* argument because Robertson did not list them on the proof of service form for purposes of effecting service.

4

Court's denial of downward departure for acceptance of responsibility under § 3E1.1(b) where defendant pled guilty the day before trial).

More fundamentally, the record shows that Robertson agreed to accept a minimum of ten years incarceration, as reflected both in his negotiated plea agreement as well as his guilty plea colloquy in open court. During that colloquy, Robertson expressly acknowledged and agreed that, because of the mandatory minimums required by the two statutes to which he was pleading guilty, the standard provisions in his plea agreement normally allowing the government to recommend a downward departure for acceptance of responsibility were not, and could not be, of consequence in his case.[3]

Accordingly, the January 3, 2005 sentence of the District Court is affirmed and counsel's motion to withdraw is granted. Pursuant to Third Circuit L.A.R. 109.2(b), we certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court.

---

[3] As discussed, Robertson did not object at the time of sentencing to the imposition of the mandatory minimum sentences to which he had agreed in his negotiated plea agreement. Indeed, our review of the sentencing proceedings shows that Robertson, through counsel, affirmatively requested the ten year sentence he ultimately received. Thus, even were Robertson's claim non-frivolous, it would have to survive plain error review. *See* Fed. R. Crim. P. 52(b).

5